UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MAINE WINDJAMMERS, INC., )
)
    *Plaintiff* )
v. ) No. 2:18-cv-00242-JHR
)
SEA3, LLC, et al., )
)
    *Defendants* )

### *MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE OPINIONS OF THOMAS HILL, IN PART*

In this maritime breach of contract action, the plaintiff, Maine Windjammers ("Windjammers"), seeks to exclude certain testimony of Thomas Hill, a marine surveyor retained as an expert by defendants Sea3, LLC, Robert H. Larsen, and Stephen Taylor (together, "Sea3"). *See* Plaintiff's Motion *in Limine* To Exclude Opinions of Thomas Hill, In Part ("Motion") (ECF No. 52). Windjammers enumerates nine opinions allegedly set forth by Mr. Hill in his report that it asks this court to exclude. *See id*. at 1-3. Because Windjammers relies on incorrect predicates with regard to all nine opinions, I deny the motion.

### I. Applicable Legal Standard

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"In applying Rule 702, the district court serves as the gatekeeper for expert testimony by 'ensuring that [it] . . . both rests on a reliable foundation and is relevant to the task at hand.'" *Milward v. Rust-Oleum Corp.*, 820 F.3d 469, 473 (1st Cir. 2016) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)). "In carrying out this responsibility, the trial court must bear in mind that an expert with appropriate credentials and an appropriate foundation for the opinion at issue must be permitted to present testimony as long as the testimony has a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Pagés-Ramírez v. Ramírez-González*, 605 F.3d 109, 115 (1st Cir. 2010) (quoting Fed. R. Evid. 401).[1] "A district court enjoys substantial discretion to decide whether to admit or exclude relevant expert testimony." *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

In the spring of 2017, Windjammers and Sea3, LLC, entered into an agreement that Sea3, LLC, would lease the *S/V Halie & Matthew* (the "Vessel") with an option to purchase her. Motion at 3. The agreement was memorialized in the Vessel Lease and Option to Purchase (the "Contract"), signed by representatives of both parties on March 17, 2017. Amended Complaint (ECF No. 13) ¶ 7; Contract, Exh. A (ECF No. 13-1) thereto.

Sea3 took possession of the Vessel in March 2017 and made significant changes to her. Amended Complaint ¶¶ 12-13. Windjammers alleges that Sea3 abandoned the Vessel in disrepair

---

[1] Rule 401 was amended in 2011; however, the changes were "intended to be stylistic only." Fed. R. Evid. 401 advisory committee's note to 2011 amendment.

in September 2017, after failing to complete required repairs and improvements and cure a payment default. *Id.* ¶¶ 14-17. Sea3, on the other hand, contends that the Vessel was delivered to Sea3 in an unseaworthy state, causing Sea3 to incur costs of improvements and repairs. Defendants/Counterclaim Plaintiffs Sea 3, LLC's, Robert H. Larsen, Jr.'s, and Stephen Taylor's Answer, Affirmative Defenses and Amended Counterclaims ("Answer") (ECF No. 38) ¶ 32; Amended Counterclaims, commencing at page 13 of Answer, ¶¶ 40-41. Windjammers sues Sea3 for breach of contract, promissory estoppel, unjust enrichment, and damage to the Vessel during custody. Amended Complaint ¶¶ 21-53. Sea3, LLC, brings a counterclaim against Windjammers for misrepresentation, fraud in the inducement, breach of contract, breach of the implied and express warranties of seaworthiness, *quantum meruit*, and unjust enrichment. Amended Counterclaims ¶¶ 25-59; Stipulation of Dismissal as to Counts VI and VII of Counterclaim Plaintiff Robert Larsen's Counterclaims (ECF No. 44).

Sea3 designated Mr. Hill as an expert in this matter. The parties agree that he is a qualified marine surveyor who may opine on "the physical aspects of a vessel, maintenance and/or repair issues of a vessel and the costs to perform work aboard a vessel." Motion at 4; Defendants' Opposition to Plaintiff's Motion *in Limine* to Exclude Opinions of Thomas Hill, in Part ("Opposition) (ECF No. 55) at 4. However, Windjammers moves to exclude Mr. Hill's testimony on the following nine subjects:

    1.    "His interpretation of the Contract between the parties."

    2.    "His opinion on the extent to which a party might rely on a particular Contract term as a basis for its action(s) or omission(s)."

    3.    "His opinion on whether the actions and decisions of the parties engaged in contract discussions were reasonable under all the circumstances."

    4.    "His opinion on whether the conditions he may have observed during his inspections of the vessel are consistent or inconsistent with the terms of

the Contract or his understanding of [what] he believes the Contract requires of the parties."

5. "His opinion as to information [Windjammers] had a legal duty to assemble and make available to Defendant Sea3, LLC ("Sea3")."

6. "His opinion as to reasonableness of Sea3's actions or omissions, including uses of information provided to it and the availability of vessel inspections/surveys during the contract negotiation period and the execution of the Contract."

7. "His opinion on whether Sea3's contract goals and future plans were reasonably achievable and proper with respect to the Contract in which they entered."

8. "His opinions which rely on an inadmissible U.S. Coast Guard summary."

9. "His opinions which rely on Robert Larsen's estimates of repair values, costs, and hours which are not foundational and not the type of information upon which an expert would normally rely."

Motion at 1-3.

### III. Discussion

The nine opinions challenged by Windjammers fall into three categories: opinions regarding contract formation and legal duties ("Opinions 1-7"); opinions that rely on a U.S. Coast Guard report ("Opinion 8"); and opinions that rely on Mr. Larsen's estimates of repair value, costs, and hours ("Opinion 9"). I address each category in turn.

### A. Opinions 1-7

Windjammers correctly notes that "[t]he interpretation of the written contract here is within the province of the Court." *Id*. at 5. "It is black-letter law that '[i]t is not for witnesses to instruct the [factfinder] as to applicable principles of the law, but for the judge.'" *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (quoting *United States v. Newman*, 49 F.3d 1, 7 (1st

4

Cir. 1995)). "In our legal system, purely legal questions . . . [are] exclusively the domain of the judge." *Id.*

However, there are three fatal defects in Windjammers' argument. First, Windjammers fails to identify any specific portion of Mr. Hill's report that draws a legal conclusion. In describing Opinions 1-7, it cites the entire written portion of Mr. Hill's report summarizing his opinions, which, in turn, largely describes the physical condition of the Vessel. *See* Motion at 1-2; Letter dated March 11, 2019, from Thomas R. Hill, AMS, to Twain Braden, Esq. ("Hill Report), Exh. A (ECF No. 52-1) to Motion, at 38-42, 49-50. Later in its motion, Windjammers lays out a number of Mr. Hill's purported opinions; for instance, "in Hill's opinion concerning the meaning and intent of the Contract, Sea 3 was entitled to rely on Contract warranty provisions to excuse its own failures." Motion at 6. Yet, Windjammers provides no citation to any part of Mr. Hill's report containing those opinions. *See id*. at 6-7. Considering that Windjammers seeks the extraordinary relief of striking this evidence prior to trial, this omission alone is fatal to its motion.

Second, Windjammers does not fairly characterize the content of Mr. Hill's report. Mr. Hill's conclusions regarding the Vessel's seaworthiness and the reasonableness of the parties' actions in view of her condition are most reasonably characterized as implicating maritime industry practices and standards, not contract interpretation. Such testimony falls well within the bounds of Mr. Hill's qualifications as a marine surveyor. *See* Hill Report at 1; *Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 79 (1st Cir. 2006) ("Expert testimony on industry standards is common fare in civil litigation.").

Third, and finally, Windjammers is free to object at trial to any testimony of Mr. Hill that it believes is grounded on contract interpretation and/or to cross-examine him with respect to the

assumptions, factual underpinnings, or other bases for any such opinion. In advance of trial, it has failed to provide the requisite specificity.

For these reasons, Windjammers' motion to exclude Opinions 1-7 is denied.

### B. Opinion 8

Windjammers next seeks the exclusion of Mr. Hill's opinion "that the Vessel incurred flooding and hull damages as a result of a grounding incident in January 2016" because it is "based solely" on a Coast Guard Incident Investigation Report (the "Coast Guard Report"). Motion at 9.

As Windjammers observes, *see id.*, 46 U.S.C. § 6308 provides, in relevant part:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C. § 6308(a).

Section 6308 "expressly prohibits the admission into evidence of any part of the [Coast Guard] Report." *Falconer v. Penn Mar. Inc.,* 397 F. Supp. 2d 68, 70 (D. Me. 2005) (citation and internal quotation marks omitted). Accordingly, "parties' expert witnesses cannot use [a Coast Guard Report] as the basis of any of their opinions." *In re Ward Hornblower Proescher, Limitation Proceedings, M/V Jack London Commodore*, No. C-1708, 1999 WL 694025 (N.D. Cal. Apr. 8, 1999). Nonetheless, "an expert report that simply cites or references [a Coast Guard Report] is not necessarily inadmissible, nor is the expert automatically barred from testifying." *United States v. Egan Marine Corp.*, 808 F. Supp. 2d 1065, 1074 (N.D. Ill. 2011). "A conclusion that does not rely on and is not substantially based on [a Coast Guard Report] is admissible, as long as any references to the [Coast Guard Report] are stricken." *Id*.

6

Here, Mr. Hill states that his conclusions are based on his two inspections of the Vessel, a summary of the facts and circumstances as reported to him (presumably by Sea3), and his review of a number of documents, including the depositions of George Harris and Patrick Driscoll. *See* Hill Report at 2. Both Mr. Harris and Mr. Driscoll testified that the Vessel was grounded in January 2016, and Mr. Harris described resulting damage. *See* Deposition of George Harris, Exh. A (ECF No. 55-1) to Opposition, at 66-69; Deposition of Patrick Driscoll, Exh. B (ECF 55-2) to Opposition, at 24, 33. Furthermore, Mr. Hill states that his knowledge of the damage to the Vessel from the January 2016 grounding stems in part from his own inspections of the Vessel, including his observation of "significant corrosion evidence on piping throughout the bilge areas," which he documented in photographs included in his report. Hill Report at 34-35, 38-40.

While Mr. Hill cites the Coast Guard Report, that document cannot fairly be described as the sole source of his knowledge regarding the grounding, holing, and flooding of the Vessel, as Windjammers contends. Accordingly, the motion to bar Mr. Hill from testifying generally as to the grounding, holing, and flooding of the Vessel is denied, without prejudice to Windjammers' objection at trial to any specific references to the Coast Guard Report.

### C. Opinion 9

Finally, Windjammers seeks to exclude Mr. Hill's opinion "that Sea3's work performed on the Vessel was reasonable" because it is predicated on "Robert Larsen's estimates of repair values, costs, and hours[,] which are not foundational and not the type of information upon which an expert would normally rely." Motion at 3, 8.

This premise is flawed in two ways. First, Mr. Hill's opinion as to the reasonableness of Sea3's work on the Vessel does not appear to be based on Mr. Larsen's estimated labor hours and repair costs. Mr. Hill does not cite the Larsen estimates, *see* Hill Report at 49, and his

7

understanding of "the scope of the project that [Sea3] found themselves confronted with" and the reasonableness of Sea3's efforts to address that project can in fairness be presumed to come from the array of documents that he reviewed, his personal observations of the Vessel, and his expertise in the maritime industry, all of which he cites as the bases for his opinions, *id*. at 1-2, 49.

Second, to the extent that Mr. Hill did rely on Mr. Larsen's estimated labor hours and repair costs in forming his opinion, that reliance is permissible. "[A]n expert is entitled to rely on facts and/or data which have not been admitted into evidence if the expert's reliance on those facts or data is reasonable." *Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 544 (1st Cir. 1988).

> The burden is on opposing counsel through cross-examination to explore and expose any weaknesses in the underpinnings of the expert's opinion. Moreover, the fact that an expert's opinion may be tentative or even speculative does not mean that the testimony must be excluded so long as opposing counsel has an opportunity to attack the expert's credibility. When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony – a question to be resolved by the [factfinder].

*Id.* at 544-45 (internal citations omitted).

Mr. Larsen is one of the named defendants in this matter who hired Mr. Hill and designated him as an expert. Mr. Hill reasonably applied his expertise to the facts that the defendants provided to him, including Mr. Larsen's estimated labor hours and repair costs. If Windjammers believes that these underlying facts are incorrect, it may "explore and expose any weaknesses in th[ose] underpinnings" on cross-examination. *Id.* at 544.

Accordingly, the motion to exclude Opinion 9 is denied.

## IV. Conclusion

For the foregoing reasons, Windjammers' motion *in limine* to exclude Mr. Hill from testifying as to nine enumerated opinions is **DENIED.**

Dated this 8th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge