## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *MAINE WINDJAMMERS, INC.,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | *No. 2:18-cv-00242-JHR* |
| | ) | |
| *SEA3, LLC, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

## MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION *IN LIMINE TO* EXCLUDE TRIAL TESTIMONY OF ROBERT LARSEN, IN PART

In this maritime breach of contract action, the plaintiff, Maine Windjammers ("Windjammers"), has filed a motion *in limine* to bar defendant/counterclaim plaintiff Robert Larsen, the owner of defendant/counterclaim plaintiff Sea3, LLC ("Sea3"), from testifying regarding work that Sea3 performed on the *S/V Halie & Matthew* (the "Vessel"), including repair costs, project estimates, labor hours, and value added to the Vessel. *See* Plaintiff's Motion *in Limine* To Exclude Trial Testimony of Robert Larsen, in Part ("Motion") (ECF No. 53). Because (i) Sea3 has presented a sufficient foundation for Mr. Larsen's testimony regarding repair costs, project estimates, and labor hours, and (ii) Windjammers has not cited any specific instance in which Mr. Larsen offered an opinion regarding the value added to the Vessel, I deny the Motion.

### I. Applicable Legal Standard

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

By contrast, "'[i]n its purest form, lay testimony is based on the witness' observations of the event or situation in question and amounts to little more than a shorthand rendition of facts that the witness personally observed.'" *Portland Pipe Line Corp. v. City of South Portland*, 288 F. Supp. 3d 321, 335 n.10 (D. Me. 2017) (quoting *Weinstein's Federal Evidence* § 701.03 (2001)). Nonetheless, a lay witness may also offer opinion testimony if his or her opinion is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Opinion testimony is based on a lay witness's "perception" when it is "derive[d] from a pattern the witness observed based on past experience." *Portland Pipe Line*, 288 F. Supp. 3d at 335 n.10. "Under Rule 701, courts have allowed lay witnesses to express opinions about a business 'based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of [the] business.'" *United States v. Munoz-Franco,* 487 F.3d 25, 35 (1st Cir. 2007) (quoting *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003)); *see also United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006) (Rule 701 "is meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job.").

## II. Factual Background

In the spring of 2017, Windjammers and Sea3 entered into an agreement that Sea3 would lease the Vessel with an option to purchase her. Motion at 2. The agreement was memorialized in the Vessel Lease and Option to Purchase (the "Contract"), signed by representatives of both parties on March 17, 2017. Amended Complaint (ECF No. 13) ¶ 7; Contract, Exh. A (ECF No. 13-1) thereto.

The defendants – Sea3, Mr. Larsen, and Stephen Taylor – took possession of the Vessel in March 2017 and made significant changes to her. Amended Complaint ¶¶ 12-13. Windjammers alleges that the defendants abandoned the Vessel in disrepair in September 2017, after failing to complete required repairs and improvements and cure a payment default. *Id.* ¶¶ 14-17. The defendants, on the other hand, contend that the Vessel was delivered to them in an unseaworthy state, causing them to incur costs of improvements and repairs. Defendants/Counterclaim Plaintiffs Sea 3, LLC's, Robert H. Larsen, Jr.'s, and Stephen Taylor's Answer, Affirmative Defenses and Amended Counterclaims ("Answer") (ECF No. 38) ¶ 32. Windjammers sues the defendants for breach of contract, promissory estoppel, unjust enrichment, and damage to the Vessel during custody. Amended Complaint ¶¶ 21-53. Sea3 brings a counterclaim against Windjammers for misrepresentation, fraud in the inducement, breach of contract, breach of the implied and express warranties of seaworthiness, *quantum meruit*, and unjust enrichment. Amended Counterclaims, commencing at page 13 of Answer, ¶¶ 25-59; Stipulation of Dismissal as to Counts VI and VII of Counterclaim Plaintiff Robert Larsen's Counterclaims (ECF No. 44).

Mr. Larsen is the sole owner of Sea3. Rule 30(b)(6) Deposition of Sea3 through its designee Robert H. Larsen, Jr. ("Larsen Dep."), Exh. B (ECF No. 53-2) to Motion, at 8.

## III. Discussion

In its motion, Windjammers initially argued that Mr. Larsen should be prohibited from testifying as to repair costs, project estimates, labor hours, and value added to the Vessel because he "was not designated as an expert witness to testify about such opinions and does not have the knowledge, skill, experience, training, or education required by Fed. R. Evid. 702 to testify about boat repairs." Motion at 1, 4 (footnote omitted). Windjammers cited a spreadsheet that Mr. Larsen prepared of Sea3's expenses for labor, parts, and other costs, as well as his testimony concerning that spreadsheet, as examples of the testimony it seeks to exclude at trial. *See id*. at 2.

The defendants countered that "Mr. Larsen is not testifying as an expert" but, rather, intends to offer lay testimony based on first-hand knowledge. Defendants' Opposition to Plaintiff's Motion *in Limine* To Exclude Trial Testimony of Robert Larsen, in Part ("Opposition") (ECF No. 56) at 3.

Windjammers replied that Mr. Larsen's testimony regarding repair costs, project estimates, labor hours, and value added to the Vessel should be excluded as beyond the scope of both "'pure' lay testimony and 'particularized knowledge' lay opinion testimony[.]" Plaintiff's Reply Memorandum in Support of Motion *in Limine* To Exclude Trial Testimony of Robert Larsen ("Reply") (ECF No. 58) at 2.

I conclude otherwise.

Mr. Larsen's testimony concerning the cost of repairs to the Vessel is best characterized as "pure" lay testimony. Mr. Larsen testified that he (i) was the "money guy" funding Sea3's work on the Vessel, Larsen Dep. at 101, (ii) "knew the project" and what was happening "on an every-three-day basis[,]" *id*. at 156, (iii) kept every receipt for materials, *see id*. at 157-58, and (iv) had the "gross figure" for Sea3's "actual labor costs[,]" *id*. at 155.

Mr. Larsen created a spreadsheet detailing Sea3's labor and materials expenditures for particular categories and subcategories of work on the Vessel; for example, for the subcategory of installing two aft crew cabin heads and showers (part of the category of plumbing), he indicated that Sea3 expended $1,200 for labor and $1,800 for parts. *See id.* at 145-47; Sea3 Expenses and Work Performed: Halie & Matthew, Exh. C (ECF No. 53-3) to Motion, at Page ID # 542. He testified that, although he had the actual gross figure for labor, Sea3 had lost its labor logbook, as a result of which he had to "reconstruct" the labor figures for particular subcategories of work based on the overall cost of labor, what he had expended for materials, and "the scope of the project[.]" Larsen Dep. at 153-56.

In short, Mr. Larsen testified as to facts within his knowledge as the sole owner of Sea3 and payor of all of its bills. To the extent that he estimated labor costs for particular subcategories of work, he did not express an "opinion" but, rather, made his "best educated guess" based on his knowledge of the project generally and the data still available to him. Larsen Dep. at 155. While this might be fodder for cross-examination, it is not a basis on which to exclude that testimony.

To the extent that Windjammers also seeks to preclude Mr. Larsen from testifying as to the value added to the Vessel by Sea3, it identifies no portion of his testimony or spreadsheet offering any such opinion. *See generally* Motion; Reply. Because Windjammers, as movant, bears the burden of showing the need for the extraordinary relief of pretrial exclusion, this omission is fatal.

## IV. Conclusion

For the foregoing reasons, Windjammers' motion *in limine* to exclude, in part, the testimony of Mr. Larsen is **DENIED**.


Dated this 8th day of November, 2019.                    /s/ John H. Rich III
                                                         John H. Rich III
                                                         United States Magistrate Judge