UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MAINE WINDJAMMERS, INC.,            )
                                     )
       Plaintiff                     )
v.                                   )   No. 2:18-cv-00242-JHR
                                     )
SEA3, LLC, et al.,                   )
                                     )
       Defendants                    )


## MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PATRICK DRISCOLL FROM OPINING REGARDING MARINE ELECTRICAL SYSTEMS STANDARDS

In this maritime breach of contract action, the defendants, Sea3, LLC, Robert H. Larsen, and Stephen Taylor (together, "Sea3"), seek exclude Patrick Driscoll, an owner of plaintiff Maine Windjammers ("Windjammers") and a licensed commercial electrician, from rendering an opinion regarding marine electrical system standards that may apply to the *S/V Halie & Matthew* (the "Vessel"). *See* Motion *in Limine* To Exclude Patrick Driscoll from Opining Regarding Marine Electrical Systems Standards ("Motion") (ECF No. 51) at 1-2. Because I find that Mr. Driscoll is sufficiently qualified, I deny the Motion.

### I. Applicable Legal Standard

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"In applying Rule 702, the district court serves as the gatekeeper for expert testimony by 'ensuring that [it] . . . both rests on a reliable foundation and is relevant to the task at hand.'" *Milward v. Rust-Oleum Corp.*, 820 F.3d 469, 473 (1st Cir. 2016) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)). "In carrying out this responsibility, the trial court must bear in mind that an expert with appropriate credentials and an appropriate foundation for the opinion at issue must be permitted to present testimony as long as the testimony has a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Pagés-Ramírez v. Ramírez-González*, 605 F.3d 109, 115 (1st Cir. 2010) (quoting Fed. R. Evid. 401).[1] "A district court enjoys substantial discretion to decide whether to admit or exclude relevant expert testimony." *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

In the spring of 2017, Windjammers and Sea3, LLC, entered into an agreement that Sea3, LLC, would lease the Vessel with an option to purchase her. Plaintiff's Opposition to Defendants' Motion *in Limine* To Exclude Patrick Driscoll from Opining Regarding Marine Electrical Systems Standards ("Opposition") (ECF No. 54) at 2. The agreement was memorialized in the Vessel Lease and Option to Purchase (the "Contract"), signed by representatives of both parties on March 17, 2017. Amended Complaint (ECF No. 13) ¶ 7; Contract, Exh. A (ECF No. 13-1) thereto.

---

[1] Rule 401 was amended in 2011; however, the changes were "intended to be stylistic only." Fed. R. Evid. 401 advisory committee's note to 2011 amendment.

2

Sea3 took possession of the Vessel in March 2017 and made significant changes to her. Amended Complaint ¶¶ 12-13. Windjammers alleges that Sea3 abandoned the Vessel in disrepair in September 2017, after failing to complete required repairs and improvements and cure a payment default. *Id.* ¶¶ 14-17. Sea3, on the other hand, contends that the Vessel was delivered to Sea3 in an unseaworthy state, causing Sea3 to incur costs of improvements and repairs. Defendants/Counterclaim Plaintiffs Sea 3, LLC's, Robert H. Larsen, Jr.'s, and Stephen Taylor's Answer, Affirmative Defenses and Amended Counterclaims ("Answer") (ECF No. 38) ¶ 32; Amended Counterclaims, commencing at page 13 of Answer, ¶¶ 40-41. Windjammers sues Sea3 for breach of contract, promissory estoppel, unjust enrichment, and damage to the Vessel during custody. Amended Complaint ¶¶ 21-53. Sea3, LLC, brings a counterclaim against Windjammers for misrepresentation, fraud in the inducement, breach of contract, breach of the implied and express warranties of seaworthiness, *quantum meruit*, and unjust enrichment. Amended Counterclaims ¶¶ 25-59; Stipulation of Dismissal as to Counts VI and VII of Counterclaim Plaintiff Robert Larsen's Counterclaims (ECF No. 44).

Windjammers designated Patrick Driscoll, an owner of Windjammers, as an expert in this matter. Maine Windjammers, Inc.'s Expert Disclosures ("Expert Disclosures"), Exh. A (ECF No. 51-1) to Motion, at 2-3. Mr. Driscoll holds a Maine State Master Electrician License, has more than 35 years of electrical systems experience, and served as an apprentice for four years with the International Brotherhood of Electrical Workers. Opposition at 7-8. He has also performed extensive work aboard the Vessel. *Id.* at 8. Mr. Driscoll is expected to offer opinions that include the following: "The electrical system aboard the vessel was operational at the time of delivery to Sea3." Expert Disclosures at 3.

### III. Discussion

Sea3 contends that Mr. Driscoll is unqualified to offer the above-quoted opinion because he "is not a *marine* electrician." Defendants' Reply to Plaintiff's Opposition to Defendants' Motion *in Limine* To Exclude Patrick Driscoll from Opining Regarding Marine Electrical System Standards ("Reply") (ECF No. 57) at 2 (emphasis in original). Sea3 adds that, "[e]ven if [Mr.] Driscoll possessed the necessary qualifications to testify as an expert in this matter, his testimony is fundamentally lacking in reliability" and "lack[s] a factual basis." *Id*. at 2-3.

Regarding expert qualifications, "Rule 702 has been interpreted liberally in favor of the admission of expert testimony." *Levin v. Dalva Bros.*, 459 F.3d 68, 78 (1st Cir. 2006). "As such, expert witnesses need not have overly specialized knowledge to offer opinions." *Id.*; *see also, e.g., Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar*, 345 F.3d 15, 24 (1st Cir. 2003) (concluding that a "proffered expert physician need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline").

Applying that liberal standard in a case involving fire damage to a boat moored at a marina, the United States District Court for the District of Delaware rejected essentially the same argument advanced by Sea3 here: that the testimony of the plaintiff's expert should be excluded because he had "no experience in *marine* electrical wiring[.]" *Galentine v. Estate of Stekervetz*, 273 F. Supp. 2d 538, 539-41 (D. Del. 2003) (emphasis added).

The expert whose testimony was at issue in *Galentine* had training and experience in residential and commercial wiring as well as in fire cause and origin investigation. *See id*. at 541. However, he had "no experience in inspections of electrical wiring on boats and marine units" and "no knowledge of the relevant codes or standards for electrical systems on marine vessels[.]" *Id*. at 540. Nonetheless, the court concluded that, "given the liberal qualifications requirement under

Rule 702," the expert was qualified to testify as to marine electrical wiring, observing that "any deficiencies in [the expert's] qualifications such as the fact that he has no experience in marine electrical wiring go[] to the weight of his testimony rather than its admissibility." *Id.* at 541.

Because the First Circuit has embraced the same liberal standard, *see Levin*, 459 F.3d at 78, the logic of *Galentine* applies here. Mr. Driscoll's extensive experience as an electrician and his specific experience with the Vessel qualify him to opine as an expert on the Vessel's electrical system. Sea3 is, of course, free to probe Mr. Driscoll's lack of specific marine electrical experience at trial on cross-examination.

To the extent that Sea3 argues, in the alternative, that Mr. Driscoll's testimony should be excluded as fundamentally unreliable and lacking a factual basis, *see* Reply at 2-3, Sea3 fails to elaborate on why this is so, *see generally* Motion; Reply. Because Sea3, as movant, bears the burden of showing the need for the extraordinary relief of pretrial exclusion, this omission is fatal. *See also, e.g.*, *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (internal citations omitted).

### IV. Conclusion

For the foregoing reasons, Sea3's motion to exclude the testimony of Mr. Driscoll is **DENIED.**

Dated this 8th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge